```
1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2  JOANN M. SWANSON (CABN 88143)
   Chief, Civil Division
3  MELISSA K. BROWN (CABN 203307)
   Assistant United States Attorney
4       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
5       Telephone: (415) 436-6962
        FAX: (415) 436-6748
6       melissa.k.brown@usdoj.gov

7  Attorneys for Defendant

8  SANFORD M. CIPINKO (SBN 88102)
   YULIYA MAGOMEDOV (SBN 251964)
9       Law Offices of Sanford M. Cipinko
        55 Francisco Street, Suite 403
10      San Francisco, CA 94133

11 Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC SEDIE,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Defendant. | No. C-08-4417 EDL<br>**E-filing Case**<br><br>**STIPULATION AND [PROPOSED]**<br>**PROTECTIVE ORDER RE**<br>**CONFIDENTIALITY** |

　　　Subject to the approval of this Court, plaintiff ERIC SEDIE and defendant UNITED STATES OF AMERICA, by and through their undersigned counsel, hereby stipulate to the following protective order:

　　　The parties agree that entry of the following protective order is necessary in order to: (1) facilitate discovery of information without document by document controversy concerning confidentiality; (2) protect employees of the United States Postal Service from undue annoyance, embarrassment, oppression, burden and expense resulting from public disclosure or use for

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
C-08-4417 EDL

purposes other than this litigation of confidential information that the parties will disclose in discovery; and (3) avoid violation of the Privacy Act as codified at 5 U.S.C. §522a. The parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

## STIPULATED ORDER

All documents obtained from defendant in response to discovery requests made under the Federal Rules of Civil Procedure or made pursuant to any disclosure requirement, including initial disclosure requirements, that are contained within any EEO file, medical file, injury compensation file, or any personnel file of any person (the "Documents") shall be subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed to anyone other than (a) the attorney employed by plaintiff and the attorney's staff; (b) the parties; (c) actual or potential third-party witnesses; (d) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (e) the Court in further proceedings herein; (f) stenographic deposition reporters; and (g) other persons whom the parties mutually agree upon in writing;

3. There shall be no reproduction of the Documents, except that, as required by the litigation, copies, excerpts, or summaries may be shown to those authorized in Paragraph 2;

4. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the plaintiff's attorney of record during the pendency of the litigation;

5. Upon final determination of this litigation, including all appeals, all of the Documents, including copies, extracts or summaries thereof, produced by defendant that pertains to any person other than the plaintiff herein, shall be returned to defendant's counsel. Notwithstanding this paragraph, however, the plaintiff's attorneys may retain one copy of each pleading and other document filed with the Court that contains any of the Documents covered by this Order. Furthermore, nothing in this paragraph shall be construed to require plaintiff's

1 | attorney to turn over any attorney work-product; and

2 |     6. This Stipulation and Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Protective Order notwithstanding the termination of this action.

**IT IS SO STIPULATED.**

DATED: June 10, 2009            Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Melissa Brown

_____
MELISSA K. BROWN
Assistant United States Attorney

DATED: June 10, 2009

SANFORD CIPINKO
YULIYA MAGOMEDOV
Attorneys at Law

/s/ Yuliya Magomedov

_____
YULIYA MAGOMEDOV
Attorneys for the Plaintiff

**APPROVED AND SO ORDERED**.

DATED: June 15, 2009          _____
ELIZABETH D. LAPORTE
United States Magistrate Judge

*[Court seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — signed Elizabeth D. Laporte, Judge Elizabeth D. Laporte]*