IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC SEDIE, | No. C-08-04417 EDL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER; DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND GRANTING DEFENDANT'S MOTION FOR SANCTIONS** |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

On October 29, 2009, Plaintiff commenced the deposition of Defendant's expert medical witness, Dr. Kevin Harrington. The deposition lasted approximately twenty-six minutes before it was concluded by Defendant's counsel. On October 30, 2009, Plaintiff filed a motion to compel further deposition of Dr. Harrington, arguing that Defendant's counsel improperly concluded the deposition. On November 2, 2009, Defendant filed a motion for protective order, acknowledging that the deposition should go forward, but arguing that it, and all further depositions, should take place at the courthouse because Plaintiff's counsel has engaged in unprofessional and harassing conduct at depositions. Both parties also seek sanctions.

On November 17, 2009, the Court held a hearing on the parties' motions. For the reasons stated at the hearing and set forth in this Order, Plaintiff's motion to compel is denied, Defendant's motion for protective order is granted, Plaintiff's motion for sanctions is denied and Defendant's motion for sanctions is granted in the amount of $1,000.00.

The Court has read the transcript and concludes that Defendant's counsel took appropriate

action in terminating Dr. Harrington's deposition based on the harassing and derogatory conduct of Plaintiff's counsel to opposing counsel and the witness, as described in more detail below. The Court is troubled by the lack of civility displayed by Plaintiff's counsel at Dr. Harrington's deposition, and at Plaintiff's deposition as previously admonished by the Court during a motion hearing in August 2009. See Supp. Brown Decl. Ex. A at 5-7. The Court expects counsel to conduct themselves in a professional manner during depositions, which does not include waging personal attacks on opposing counsel or harassing witnesses. As aptly stated by another magistrate judge:

> As officers of the court, counsel are expected to conduct themselves in a professional manner during a deposition. A deposition is intended to permit discovery of information in the possession of the deponent or perpetuate the testimony of the deponent. In either case, it is to be conducted in a manner that simulates the dignified and serious atmosphere of the courtroom. Thus, the witness is placed under oath and a court reporter is present. Conduct that is not permissible in the courtroom during the questioning of a witness is ordinarily not permissible at a deposition. Thus, accusations of wrongdoing against witnesses and attorneys have no place in a deposition.

Ethicon Endo-Surgery v. United States Surgical Corp., 160 F.R.D. 98, 99 (S.D. Ohio 1995).

Here, Plaintiff's counsel harassed Dr. Harrington and engaged in personal attacks on Defendant's counsel during the Harrington deposition. Specifically, after receiving a negative answer from Dr. Harrington to Plaintiff's counsel's second question regarding a criminal state court proceeding in which Dr. Harrington was involved, counsel proceeded to spend the majority of the remaining deposition time badgering Dr. Harrington on the issue. Plaintiff's counsel certainly had the right to ask about the document from the state court action, but harassing the witness to adopt counsel's interpretation of the document and repeatedly accusing him of lying is not an appropriate deposition tactic. (Moreover, the document did not in fact entirely preclude the witness from testifying as an expert witness for a certain period in the past, but instead permitted the witness to testify as an expert under certain circumstances, contrary to what Plaintiff's counsel seemed to be attempting to get the witness to admit.) Further, refusing to permit Dr. Harrington to review the document, after he and his counsel rightfully asked several times to review it, but instead reading selected portions of the document to the witness without showing him the document, was not appropriate. See Lee Decl. Ex. A at 6-9; see, e.g., Ethicon, 160 F.R.D. at 99 ("Where interrogating

counsel attempts to question the witness about a document that either the witness or opposing counsel have not had an opportunity to review, the appropriate course for opposing counsel is to object and request a recess to review the document.").

In addition, Plaintiff's counsel waged insulting personal attacks against Defendant's counsel, which are never warranted in a professional situation. For example, Plaintiff's counsel stated: "You are continually -- would you do me a favor, make me a promise, that you're going to try this case. Make me that promise. Just make me that promise. Because you've got a chip on your shoulder so big that God only knows. And I hope you have this fight with every single lawyer you have, because everybody in this office can't believe your conduct. Not one person can believe it." See Lee Decl. Ex. A at 21. Plaintiff's counsel also accused Defendant's counsel of engaging in "antics" that resulted in Plaintiff's counsel using a videographer for depositions. See Lee Decl. Ex. A at 11. Further, Plaintiff's counsel stated: "You interrupt -- you interrupt me every single time and I feel like I have to write to you. And that's why I try to have everybody in my office deal with you instead of me because it's exhausting for me. And I'm to the point where I just want to write letters to you instead of talk to you because it's totally exhausting and I don't want to -- frankly, I don't know, it's like maybe there is an age difference or something." Lee Decl. Ex. A at 28. Plaintiff's counsel's personal attacks were wholly inappropriate at a deposition.

Especially egregious, Plaintiff's counsel commented derogatorily on Defendant's counsel's personal appearance and demeanor by telling her that she was "going to give [him] bug eyes." See Lee Decl. Ex. A at 10. Defendant's counsel, who is African-American, took this term as a racial slur. Plaintiff's counsel states that he believed that Defendant's counsel was giving him a fierce stare. Whether or not Plaintiff's counsel's comment was intended as a racial slur (and the Court will assume it was not, as Plaintiff's counsel represented), Plaintiff's choice of words was rude and insensitive regardless of any racial connotation. The Court notes that historically, the term "bug eyes," which can mean "bulging eyes," has been used in deplorable stereotypical portrayals of African-Americans. See, e.g., Wikipedia.com, http://en.wikipedia.org/wiki/Pickaninny ("Although the term was used generally, it came to refer to the associated stereotype of African American children. Picaninnies had bulging eyes, unkempt hair, red lips and wide mouths into which they

3

1 stuffed huge slices of watermelon.) (internal citation omitted) (last visited November 19, 2009);

2 Traditional Fine Arts Organization, http://www.tfaoi.com/aa/3aa/3aa334.htm ("African Americans,

3 male and female, were portrayed as very dark, generally bug-eyed, nappy-headed, childlike, stupid,

4 lazy, deferential, and happy.") (last visited November 19, 2009). Given these atrocious stereotypes,

5 Defendant's counsel's perception that Plaintiff's counsel had used a racial insult was

6 understandable.

7 It is regrettable that the relationship between counsel has become so acrimonious and that

8 Plaintiff's counsel did not conform his conduct to professional norms after the Court's prior

9 admonition. However, there is no dispute that Dr. Harrington's deposition should be completed.

10 Therefore, as a remedial measure, the Court concludes that the deposition of Dr. Harrington, and all

11 other depositions, shall take place in the courthouse, unless, for the convenience of an expert

12 witness, a deposition is scheduled to take place at the witness's place of business. The parties may

13 contact the Court's courtroom deputy at 415-522-3694 to reserve the courtroom or an adjacent room.

14 The Court expects that counsel will conduct themselves in a civil manner, which includes no

15 personal attacks on counsel.

16 Plaintiff's motion for sanctions is denied on the grounds that counsel engaged in improper

17 conduct at the deposition and that Plaintiff did not file a separate motion pursuant to Civil Local

18 Rule 37-3. Defendant sought sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) in

19 the amount of $1,835.00, which consists of $675 in witness fees and $1,160.00 in attorneys' fees for

20 preparing the motion for sanctions. Because Defendant's Motion for Protective Order is granted,

21 Defendant is entitled to an award of fees and costs unless Defendant filed the motion before

22 attempting in good faith to resolve the issues without court intervention, Plaintiff's conduct was

23 substantially justified or other circumstances make an award of expenses unjust. See Fed. R. Civ. P.

24 37(a)(5)(A)(i)-(iii). There has been no showing that Defendant filed this motion before attempting

25 in good faith to resolve it with Plaintiff. Further, as described above, Plaintiff's conduct was not

26 substantially justified. No other circumstances make a sanctions award unjust. Rather, Plaintiff's

27 counsel's personal attacks on Defendant's counsel justify sanctions. See Wall v. Leavitt, 2007 WL

28 4219162, *1 (E.D. Cal. Nov. 29, 2007) (stating that personal attacks on counsel would not be

tolerated and would be subject to sanctions).  However, the Court grants Plaintiff's request for a reduced amount of sanctions as adequate at this time, in combination with the Court's admonitions, but warns that any future sanctions awards based on further misconduct may not be similarly reduced.  Accordingly, Defendant's motion for sanctions is granted in the amount of $1,000.00.

**IT IS SO ORDERED.**

Dated: November 19, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge