1  SANFORD M. CIPINKO, Esq., SBN 88102
   JEREMY CLOYD, Esq. SBN 239991
2  LAW OFFICES OF SANFORD M. CIPINKO
   55 FRANCISCO STREET, SUITE 403
3  SAN FRANCISCO, CA. 94133
   VOICE:       (415) 693-9905
4  FACSIMILE:  (415) 693-9904

5
   Attorneys for Plaintiff
6  ERIC SEDIE

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12 ERIC SEDIE,                        ) CASE NO: C-08-4417 EDL
                                      )
13           Plaintiff,                ) [PROPOSED] ORDER GRANTING IN
                                      ) PART AND DENYING IN PART
14 v.                                 ) DEFENDANT UNITED STATES POSTAL
                                      ) SERVICE'S MOTION TO REOPEN
15 UNITED STATES POSTAL SERVICE.      ) DISCOVERY FOR LIMITED PURPOSES
   DOES 1 TO 50, inclusive,           )
16           Defendants.              ) Date:      December 22, 2009
                                      ) Time:      9:00 a.m.
17                                    ) Courtroom: E
                                      )
18 _____/

19

20     Defendant's Motion to Reopen Discovery for Limited Purposes came before this

21 Court for hearing on shortened time on December 22, 2009 at 9:00 a.m.  Having

22 reviewed the moving, opposition and reply papers in connection with this matter, and

23 considering the arguments of counsel, the Court orders that further fact discovery be

24 allowed with regards to electronic documents regarding: the September 23, 2006

25 subject accident; plaintiff's accident-related medical treatment; and plaintiff's

26 participation or ability to participate in recreational or sporting activities.  The discovery

27 shall be allowed as follows:

28 [PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION    1
   TO REOPEN DISCOVERY FOR LIMITED PURPOSES
   SEDIE v. UNITED STATES POSTAL SERVICE; CASE NO.: C-08-4417 EDL

1.   Defendant provided a list of third party vendors for the purpose of conducting electronic searches of plaintiff's e-mail and on-line social networking websites such as Facebook and MySpace by close of business on December 22, 2009.

2.   By close of business on December 23, 2009, the parties shall agree to a vendor for the purpose of conducting searches of plaintiff's e-mail and on-line social networking accounts.

3.   By 1:00 p.m. on December 24, 2009, the parties shall meet and confer and agree on search terms reasonably related to the subject accident; plaintiff's accident-related medical treatment; and plaintiff's participation or ability to participate in recreational or sporting activities.

4.   By 1:00 p.m. on December 24, 2009, plaintiff shall provide to defendant a list of all his e-mail and social networking accounts such as Facebook and MySpace since September 23, 2006.

5.   Plaintiff shall promptly make his e-mail and social networking accounts such as Facebook and MySpace available to the agreed upon vendor by providing the third party vendor with login identifications and passwords for those internet accounts.

6.   The third party vendor shall promptly conduct non-destructive searches of internet accounts identified by plaintiff for documents containing the agreed upon search terms.  The vendor shall collect and number all electronic documents containing the responsive search terms, including any photographs attached to the responsive documents.  The third party vendor shall not collect information from plaintiff's internet accounts other than the responsive documents.  The third party vendor shall retain a copy of the responsive documents until 60 days after judgment is entered and no appeal is taken at which time the vendor shall destroy the documents.

7.   The third party vendor shall promptly produce responsive documents obtained from the search of plaintiff's e-mail and social networking accounts to

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES
SEDIE v. UNITED STATES POSTAL SERVICE; CASE NO.: C-08-4417 EDL    2

plaintiff's counsel only.  Plaintiff shall be entitled to change login and password information for his internet accounts once the vendor produces responsive documents to plaintiff's counsel.  The vendor shall not provide defendant with any information regarding or from plaintiff's internet accounts or with information necessary to access plaintiff's internet accounts.

8. ~~Plaintiff's version:  Plaintiff's counsel shall produce to defendant in electronic format the documents collected by the third party vendor subject to privacy and/or privilege objections within 10 days of receipt of the documents from the third party vendor.  Plaintiff has waived claims of privacy with regards to the claims made in this lawsuit but not claims of privacy unrelated to the claims made in this lawsuit.~~

~~Defendant's version:~~ Plaintiff's counsel shall produce to defendant in electronic format the documents collected by the third party vendor subject to privacy and/or privilege objections within 10 days of receipt of the documents from the third party vendor.  Plaintiff has waived claims of privacy with regards to the claims made in this lawsuit ; therefore, plaintiff's counsel's privacy review is limited to privacy of non-parties.

9. At the time of production, plaintiff shall identify any documents that have been withheld or redacted in a privilege log specifying for each document or for each category of identically situated documents: the name, job title, or capacity of the author; the name, job title, or capacity of each recipient; the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); the title and description of the document; the subject matter addressed in the document; the purpose(s) for which it was prepared or communicated; and the specific basis for the claim that it is privileged.

10. Defendant shall be responsible for the third party vendor's fees for performing the work discussed in this order.

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSES
SEDIE v. UNITED STATES POSTAL SERVICE; CASE NO.: C-08-4417 EDL

3

1      11.    Prior to the hearing on Defendant's Motion to Reopen Discovery, Plaintiff
2  agreed to reappear for deposition for questioning about electronic documents produced
3  after the close of fact discovery.  Said deposition shall take place on a mutually
4  agreeable date and time and be limited in scope to questioning regarding the electronic
5  documents produced by Plaintiff after the close of fact discovery.
6      12.    Defendant's request to supplement expert reports is denied without
7  prejudice.
8      Defendant's Motion to Reopen Discovery for Limited Purposes is otherwise
9  denied.
10     IT IS SO ORDERED.

12  DATED: January 4, 2010

13                    By: *Elizabeth D. Laporte*
14                         HON. ELIZABETH D. LAPORTE
                          United States Magistrate Judge

28  [PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION    4
    TO REOPEN DISCOVERY FOR LIMITED PURPOSES
    SEDIE v. UNITED STATES POSTAL SERVICE; CASE NO.: C-08-4417 EDL