IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC SEDIE,

Plaintiff,

v.

UNITED STATES,

Defendant.
_______________________________________/

No. C-08-04417 EDL

**ORDER FOLLOWING PRETRIAL CONFERENCE**

At the Pretrial Conference on January 19, 2010, the Court ordered as follows:

1. Plaintiff's objections to witnesses Jose Alba and Patrick Siemsen are deferred until trial. Defendant stated that these witnesses would only be offered for impeachment, if appropriate.

2. No later than January 21, 2010, Defendant shall inform Plaintiff as to whether it still plans to call witness Andrew Crain. Plaintiff stated that he would stipulate to the authenticity of the documents about which Mr. Crain would testify. The parties shall inform the Court no later than January 22, 2010 as to whether Mr. Crain will testify and as to the substance of his testimony. The Court defers ruling on Plaintiff's objections to Mr. Crain.

3. The Court defers ruling on Plaintiff's objections to Defendant's custodians of records. Plaintiff stated that he would stipulate to the authenticity of the documents about which the custodians of records for Facebook, MySpace and Plaintiff's email providers would testify. Defendant stated that it intended to serve trial subpoenas on these entities. The parties shall brief the issue of whether trial subpoenas for custodians of records are proper given the Court's denial of discovery on that issue. The parties may brief the issue in a joint letter no

longer than two pages per party, filed no later than January 21, 2010.

4. Defendant's objections to Plaintiff's witness John Childress are denied as moot. Plaintiff stated that he would not be calling Mr. Childress at trial.

5. Defendant's objections to Plaintiff's witness Tom Inesi are sustained in part. As Plaintiff stated, his testimony will be limited to the availability of an internship position in the computer animation field for Plaintiff at the time of his accident.

6. The Court will address the parties' objections to evidence at trial when the exhibits are offered. The parties shall meet and confer in an attempt to stipulate to the foundation of Plaintiff's medical and billing records.

7. Defendant's Motion in Limine to exclude Plaintiff's previously undisclosed exhibits, witnesses and damages claim is denied as moot as to Dr. Light and exhibits 25 and 27. Defendant withdrew the motion as to exhibit 45.

8. Defendant's Motion in Limine to limit Plaintiff's experts' testimony to their previously disclosed opinions and the bases for those opinions is unopposed and is granted. The limitation applies to both parties' experts. Defendant reserved the right to have experts examine the recently produced internet documents. The parties shall meet and confer about any supplemental expert discovery and depositions related to those recent documents in an effort to complete that discovery as soon as possible.

9. Defendant's Motion in Limine to limit Plaintiff's non-retained expert Kenneth Light's testimony to his treatment of Plaintiff is granted. Plaintiff disclosed Dr. Light as a non-retained expert, and did not provide an expert report. Defendant argues that even though Dr. Light was designated as a non-retained expert, Plaintiff utilized him as a retained expert when Plaintiff's counsel consulted with Dr. Light regarding strategies for Dr. Harrington's deposition, when Dr. Light reviewed the surveillance video taken of Plaintiff, and when Dr. Light conferred with Plaintiff's vocational rehabilitation expert. A treating physician who is a non-retained expert may testify about "opinions as to causation, diagnosis, prognosis, and extent of disability where they are based on treatment." Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 80-81 (D. N.H. 1998); see also Case Management and Pretrial Order for



United States District Court
For the Northern District of California

Court Trial (docket number 14) at ¶ 2(b) ("All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court."). Accordingly, Dr. Light may testify about his treatment of Plaintiff, including the results of any testing that he ordered or considered. Dr. Light may not testify about whether the surveillance video shows activity by Plaintiff that is consistent with his injuries.

10. Defendant's Motion in Limine to preclude Plaintiff from asserting any claims not stated in the complaint is unopposed and is granted. Plaintiff stated in his brief that he is pursuing only one theory of negligence for the negligent driving of a postal vehicle that failed to yield to oncoming traffic. In addition, Plaintiff stated that he will not rely on a presumption of negligence to prove his negligence claim.

11. Defendant's Motion in Limine to exclude any reference to the postal service's accident or report is denied. Defendant argues that the investigation report is inadmissible to establish liability because it is a subsequent remedial measure. See Fed. R. Evid. 407. Plaintiff argues that the report is not a subsequent remedial measure as described in Rule 407. See Prentiss & Carlisle Co. v. Keohring-Watereous Division of Timberjack, Inc., 972 F.2d 6, 10 (1st Cir. 1992) ("The Rule prohibits 'evidence of ... subsequent measures,' not evidence of a party's analysis of its product. The fact that the analysis may often result in remedial measures being taken (as occurred here) does not mean that evidence of the analysis may not be admitted.") (citation omitted). The Court concludes that the report does not fall within the scope of Rule 407. At the conference, both parties cited new case authority on this issue, which the Court has reviewed, and which does not compel a different result. In Maddox v. City of Los Angeles, 792 F.2d 1408 (9th Cir. 1986), a police officer was subject to disciplinary proceedings regarding his use of a chokehold and the issue was whether to exclude his admission at a disciplinary hearing -- plainly a remedial proceeding -- and not the admissibility of any investigative report, although the court stated in dicta that the "investigation and measures taken by the defendant City were remedial measures taken after the incident." See Maddox, 792 F.2d at 1417. Therefore, Maddox does not hold that an

investigation, without more, is a subsequent remedial measure subject to exclusion under Rule 407. In Fasanaro v. Mooney Aircraft Co., 687 F. Supp. 482, 487 (N.D. Cal. 1998), the court stated that the evidence of post-event testing in a products liability case was admissible under Rule 407: "By its terms Rule 407 includes only the actual remedial measures themselves and not the initial steps toward ascertaining whether any remedial measures are called for."

12. Defendant's Motion in Limine to draw adverse inferences due to Plaintiff's failure to preserve evidence is denied. A party engages in willful spoliation if the party has "some notice that the documents were potentially relevant to the litigation before they were destroyed." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). The scope of the duty to preserve extends to what the party "knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request." W.T. Thompson Co. v. General Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984). "There is no doubt that a litigant has a duty to preserve evidence it knows or should know is relevant to imminent litigation." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 193 (C.D. Cal.2006). There is no dispute that the bicycle and the hard drive on the family computer were relevant to this litigation. However, Plaintiff was at most negligent, not grossly negligent much less willful, in failing to preserve the bicycle and the hard drive. Plaintiff sold the bicycle in about December 2007 because he needed money to reimburse his mother for some of his medical expenses. See Sedie Decl. ¶ 5. Any prejudice to Defendants from the loss of the bicycle is slight. There are pictures of the bicycle, which was inspected by a postal inspector who did not tell Plaintiff to preserve the bicycle. See Cloyd Decl. Ex. 1, 2; Sedie Decl. ¶ 2. Further, the hard drive on Plaintiff's family computer failed, through no fault of Plaintiff and indeed, to his distress, sometime in the middle of 2007. See Sedie Decl. ¶¶ 6-8. Again, any prejudice to Defendant from the loss of the hard drive is slight. Defendant's claim that the hard drive would be probative of how often and for what duration Plaintiff could use his computer is somewhat speculative, e.g.,

because the computer was used by other members of Plaintiff's family. Further, Defendant has received at least some electronic evidence from a computer belonging to Plaintiff as a result of the court-ordered forensic examination of internet accounts used by Plaintiff since the date of the accident. Undoubtedly, the better course would have been for Plaintiff to have taken steps to preserve his bicycle and his hard drive, which Plaintiff knew or reasonably should have known would have been relevant to his case. The Court is troubled that Plaintiff's counsel apparently did not tell his client to preserve the bicycle or to make a back up copy of the hard drive. Nevertheless, the Court declines to order the adverse inferences sought by Defendant. There is no evidence that Plaintiff willfully spoliated evidence, and Defendant did not articulate any prejudice to justify issuance of the harsh adverse inferences.

13. Defendant's Motion in Limine to exclude reference to exhibit 2 to Dr. Harrington's deposition is granted. Exhibit 2 is a document entitled Order Imposing Probation Without Guilty Plea or Judgment of Guilt or Conviction relating to Dr. Harrington, which was filed in the Teton County court in Wyoming in 1989. Federal Rule of Evidence 609 allows evidence to attack a witness's character for truthfulness by use of a prior conviction, but the conviction must be within ten years, and this Order, even if it is a conviction, is over twenty years old. Also, Federal Rule of Evidence 608 permits a party to inquire into evidence of truthfulness of a witness, but specific instances may not be proved by extrinsic evidence like Exhibit 2. Accordingly, the exhibit may not be used for any purpose, including impeachment.

14. Defendant's Motion in Limine to change the Defendant's name to United States is unopposed and is granted. See 28 U.S.C. § 2679(d) (the only proper defendant in an action pursuant to the Federal Tort Claims Act is the United States).

15. Defendant's Motion in Limine to exclude witnesses from the courtroom while they are not testifying is granted with respect to fact witnesses, including Dr. Light, but denied as to retained experts. Neither party objected to having retained experts present in the courtroom.

16. The parties shall provide a revised witness list no later than January 21, 2010.

17. The parties shall discuss whether to designate deposition excerpts in lieu of live testimony.

18. Plaintiff's request to add Defendant's exhibit BB9 to Plaintiff's exhibit list is granted.

19. The parties shall exchange demonstrative exhibits no later than one business day before using the exhibits at trial.

20. The parties shall discuss whether to bifurcate Plaintiff's testimony with respect to liability and damages.

21. The court day will be from 9:00 a.m. until 3:15 p.m. The Court will take two fifteen-minute breaks and one forty-five minute lunch each day. The parties shall have thirty minutes for opening arguments. Plaintiff shall have one hour for closing argument, and Defendant shall have forty-five minutes for closing argument. Plaintiff shall have no more than twelve hours and Defendant shall have no more than nine hours to present their evidence.

**IT IS SO ORDERED.**

Dated: January 22, 2010

Elizabeth D. Laporte
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California