IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC SEDIE,  No. C-08-04417 EDL

    Plaintiff, **ORDER RE: TRIAL SUBPOENAS**

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

_____/

On December 22, 2009, the Court granted in part and denied in part Defendant's Motion to Reopen Discovery, which sought to conduct discovery regarding Plaintiff's writings on the internet, specifically, Plaintiff's Facebook and MySpace pages, and email accounts. Rather than allow broad discovery on this issue, the Court permitted a forensic examination of Plaintiff's computer pursuant to a protocol jointly proposed by the parties. At the pretrial conference on January 19, 2010, Defendant indicated that it also intended to serve trial subpoenas on the internet entities. The Court ordered further briefing on this issue, and on January 21, 2010, the parties filed a joint letter with their respective positions as to whether Defendant may issue trial subpoenas to the custodian of records for Facebook, MySpace and Plaintiff's email providers. The Court has read the joint letter and the authorities cited therein, and issues the following Order granting in part and denying in part Defendant's request to issue trial subpoenas.

Defendant argues that the Court should permit it to serve trial subpoenas because there is no other safeguard available to Defendant to verify the information it received in the recent production of internet writings. While the Court did not reach the issue of trial subpoenas previously, it did

deny discovery of these internet entities. Trial subpoenas may not be used to obtain information that could have been gathered during the discovery period. See, e.g., Nsight v. PeopleSoft, Inc., 2006 WL 988807, at *2 (N.D. Cal. Apr. 13, 2006); Rice v. U.S., 164 F.R.D. 556, 557-58 (N.D. Okla. 1995). It is undisputed that Defendant knew about Plaintiff's activity on the internet well before discovery closed. See, e.g., Declaration of Melissa Brown in Supp. of Def.'s Mot. to Reopen Discovery ¶ 3 (stating that on July 21, 2009, she discovered Plaintiff's Facebook page, which was partially publicly available); Id. at ¶ 5 (stating that at Plaintiff's deposition on September 15, 2009, he stated that he used Facebook and MySpace); Declaration of Jonathan Lee in Supp. of Def.'s Mot. to Reopen Discovery Ex. AJ at 171-74 (attaching Plaintiff's testimony from his deposition, in which he testified that he accessed Facebook and MySpace page and email).

Further, the Court's Order regarding the forensic computer examination by a jointly chosen third party, Andrew Crain, was intended to address any prejudice to Defendant stemming from Plaintiff's prior failure to adequately search his computer for responsive documents. Defendant argues that it has concerns about the adequacy of the search process that was undertaken by Mr. Crain, but provides no objective basis for those concerns. The parties agreed to the search protocol, and there has been no showing that the search was inadequate or improper. Accordingly, Defendant has provided no justification for allowing broad trial subpoenas to Facebook, MySpace and Plaintiffs' email providers (except for gmail as stated below) aimed at verifying the information obtained through the forensic analysis. Therefore, Defendant's request as to these entities is denied.

However, Defendant also notes that Plaintiff's counsel informed Defendant on January 19, 2010 that Mr. Crain did not have access to Plaintiff's gmail account because Plaintiff had not kept the account current. Because it appears that Mr. Crain was not able to evaluate the gmail account, and there appears to be no other way to obtain that information, Defendant may serve a trial subpoena for the gmail account.

Defendant argues that Plaintiff has failed to comply with certain aspects of the search protocol. For example, Defendant argues that Plaintiff did not provide a declaration listing his internet accounts, as ordered at the hearing. See Dec. 22, 2009 Tr. at 13-14. The requirement of a declaration, however, was not included in the parties' jointly proposed order. Further, Defendant

stated that this topic can be addressed at Plaintiff's deposition, which is scheduled for January 25, 2010. Therefore, any prejudice arising from the failure to provide a declaration will likely be cured. The remaining alleged deficiencies in Plaintiff's compliance appear to have been resolved as described in Defendant's portion of the January 21, 2010 letter.

Defendant also seeks to issue a trial subpoena for Mr. Crain to testify at trial. Plaintiff, however, has agreed to stipulate to the authenticity of the records produced by Mr. Crain. Therefore, there is likely no need for his testimony. While Defendant may issue a trial subpoena to Mr. Crain as a precautionary measure, Defendant will need the Court's permission to actually call him as a witness and should so inform him. However, because Plaintiff's failure to produce documents in a timely manner necessitated Mr. Crain analysis, and because Defendant's review of the results of Mr. Crain's analysis has been limited in time, Defendant may take a short deposition of Mr. Crain. The deposition shall be limited to no more than two hours.

**IT IS SO ORDERED.**

Dated: January 25, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge